**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret J. "Meg" Hinchey,<br><br>           Plaintiff,<br><br>v.<br><br>Tom Horne, as an individual and as Attorney General of the State of Arizona; Jane Doe Horne, an individual; Richard Bistrow, as an individual and as Chief Deputy Attorney General; Laura Bistrow, an individual; and State of Arizona,<br><br>           Defendants. | No. CV-13-0260 PHX DGC<br><br>**ORDER** |

Defendants have jointly filed a motion to strike Plaintiff's complaint. Doc. 6; Doc. 9. Defendants argue that Plaintiff's complaint violates Rule 8(a)(2)'s requirement that Plaintiff provide a "short and plain statement of the claim[.]" Doc. 6 at 1. Defendants ask the Court to dismiss the complaint with leave to amend. *Id.* at 6. For the following reasons, the Court will deny Defendants' motion.[1]

**I.     Background.**

The following allegations are taken primarily from Plaintiff's complaint. Plaintiff Margaret Hinchey is an Arizona Peace Officer and has been an employee at Arizona's Attorney General's Office ("AGO"). Doc. 1-1, ¶¶ 17, 21. In 2011, Defendant Tom

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Horne, the current Arizona Attorney General, assigned Plaintiff to conduct an internal investigation regarding leaks to the media. *Id.*, ¶ 82, 84. While conducting the investigation, Plaintiff uncovered evidence of illegal campaign financing for Horne's 2010 political campaign. *Id.*, ¶¶ 102, 119. Plaintiff decided to report this information to the FBI. *Id.*, ¶¶ 117, 123. This report led to further investigation from the FBI and action by the Maricopa County Attorney's office. *See* Doc. 1-2. Horne later discovered that Plaintiff was the source of the information. Doc. 1-1, ¶ 152. Plaintiff alleges that Defendants Horne and Bistrow conspired to retaliate against her. *Id. passim*. Among other things, Plaintiff alleges that Defendants then engaged in a "smear campaign" (*id.*, ¶¶ 149–217) and maliciously began an internal investigation against her, which would harm her reputation as a peace officer (*id.*, ¶¶ 218–344). Plaintiff eventually filed a complaint in Maricopa Superior Court, asserting various causes of action. *Id.*, ¶¶ 376-498.

On the basis of her § 1983 claim, Defendant Horne removed the case to this Court. Doc. 1. Defendants now seek to strike Plaintiff's 72-page complaint, which also includes ten exhibits, as violating Rule 8(a)(2).

**II.     Legal Standard.**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim," and that each "allegation be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & 8(e). Rule 41(b) further states that if "the plaintiff fails to prosecute or to comply with these rules . . . a defendant may move to dismiss the action or any claim against it." The issue is whether Plaintiff's 72-page complaint, which contains 499 paragraphs and ten exhibits, requires dismissal.

The Ninth Circuit has held that "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008) (citations omitted); *but see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (affirming dismissal of a 733-page complaint as prejudicial and showing bad faith). To qualify for dismissal, the

complaint must be so complex or confusing that a defendant could not readily discern the allegations being made against him. *See, e.g.*, *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal and noting that only "by months or years of discovery and motions [could] each defendant find out what he is being sued for"); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a 48-page complaint as "verbose, confusing, and conclusory"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980) (affirming dismissal of 30-page complaint because it was "impossible to designate the cause or causes of action attempted to be alleged in the complaint").

**III.     Analysis.**

Plaintiff's complaint, which was drafted by Plaintiff's counsel, certainly is long, but it is not so complex or confusing that Defendants cannot readily answer it. In *Hearns*, the Ninth Circuit reversed a district court's finding that a 68-page complaint violated Rule 8(a)(2). 530 F.3d at 1127. The court's findings apply equally well to the complaint at issue here:

> [T]he complaint at issue here was not "replete with redundancy and largely irrelevant." *Cf. McHenry*, 84 F.3d at 1177. It set out more factual detail than necessary, but the overview was relevant to Plaintiff's causes of action . . . . Nor was it "confusing and conclusory." *Cf. Nevijel*, 651 F.2d at 674. The complaint is logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefor. The [allegations] contain excessive detail, but are intelligible and clearly delineate the claims and the Defendants against whom the claims are made. . . . Here, the Defendants should have no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss.

*Id.* at 1132. Defendants nevertheless argue that the complaint contains superfluous factual details. Doc. 6 at 3, 4. For example, the complaint contains details about the actions of unnamed co-conspirators, the possible motivations for Defendants' actions, and Plaintiff's work history. *Id.* While such details may not be necessary, they do not

make the complaint "replete with redundancy and largely irrelevant." *McHenry*, 84 F.3d at 1177. Rather, the details at least render more plausible Plaintiff's claims of conspiracy and reputational harm. *See* Doc. 1-1, ¶¶ 377, 381. Defendants also argue that the complaint fails to clearly delineate the actions committed by each Defendant. *Id.* at 4. Having read the complaint, the Court finds that the complaint sufficiently specifies the actions of each Defendant. *See, e.g.*, Doc. 1-1, ¶¶ 388, 389 (identifying the defamatory statements made by each Defendant). Moreover, where the complaint does refer to Defendants collectively, it does so in the context of conspiracy. *See, e.g.*, Doc. 1-1, ¶ 381 (accusing "Defendants" of conspiring to commit various acts against Plaintiff).

Finally, Defendants emphasize the excessive nature of Plaintiff's ten exhibits, which contain approximately 150-pages of additional information. *See* Doc. 1-2 (exhibits). The exhibits appear to be either largely repetitive of the complaint's allegations or of limited relevance to the case. *See, e.g.*, Doc. 1-2, Exhibit 1 (reproducing Maricopa County Attorney's "Order Requiring Compliance"); Exhibit 8 (reproducing Plaintiff's Notice of Claim against Defendants). But the Court finds that the exhibits do not render the complaint confusing or prejudicial. Defendants need only answer the allegations in the complaint itself. Therefore, while not a model of brevity, Plaintiff's complaint does not require dismissal.[2]

**IT IS ORDERED** that Defendants' motion to strike (Doc. 6) is **denied.**

Dated this 17th day of April, 2013.

_____
David G. Campbell
United States District Judge

---

[2] The parties' citations to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), are inapposite. These cases addressed the *minimum* pleading necessary to render a claim plausible. They did not address when a complaint violates Rule 8(a)(2) for being overly long or complex.